# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BEAVERS, | Case No.: 1:17-cv-00747 JLT |
| Plaintiff, | ORDER DENYING MOTION TO REMAND THE MATTER |
| v. | (Doc. 10) |
| NEW PENN FINANCIAL, LLC, et al., | ORDER VACATING THE HEARING ON THE MOTION TO REMAND |
| Defendants. | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

The plaintiff seems to contend that the notice of removal was not timely because the acknowledgement of service was forged. (Doc. 10 at 3) However, because an acknowledgement that is not properly executed would mean that there is not proper service in this case, the removal would not be untimely but premature. Moreover, because the Court does not find any forgery and no evidence of intent to defraud and because the Court finds the notice of removal to be timely and consistent with the law, the motion to remand is **DENIED**.[1]

In addition, the complaint and attachments thereto, filed by the plaintiff in the Kern County Superior Court, is in excess of 1,200 pages. This clearly violates Federal Rule of Civil Procedure 8 which requires "a short and plain statement of the claim." Therefore, the complaint is **DISMISSED**

---

[1] The Court finds the matter appropriate for decision without oral argument.

1

with 21 days leave to file a first amended complaint that complies with Rule 8.

**I.     Motion to Remand**

    **A.     Legal Standards**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of service of the initial pleading. 28 U.S.C. at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). If there is any doubt as to the right of removal, "federal jurisdiction must be rejected." *Duncan*, 76 F.3d at 1485.

The district court has "a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (noting a distinction between procedural and jurisdictional defects and holding that a "district court *must* remand if it lacks jurisdiction"). Thus, the Sixth Circuit explained a court "can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

///

**B.     Forgery of the acknowledgement**

The Court does not find any evidence of "forgery."  Counsel report that the signature placed on the acknowledgement was not Mr. Ascherin's but was that of his co-counsel, Ms. Jassim.  He reports also that Ms. Jassim signed the document with Mr. Ascherin's permission.  Moreover, Ms. Jassim did not sign Mr. Ascherin's name, but signed her own name.  Even if Ms. Jassim *had* signed Mr. Ascherin's name, this does not constitute forgery.  Forgery occurs *only* if a signature is placed on the document with the intent to defraud *and* knowing the signor has no authority to place the signature on the document.  California Penal Code § 470.

In addition, the Court does not find that there was any intent to defraud anyone.  The acknowledgement signed by counsel was a courtesy to the plaintiff.  Indeed, if the plaintiff was correct, that the Court should determine the acknowledgement to be ineffective, then the plaintiff would be obligated to effect service.  The acknowledgement accommodated the plaintiff by not requiring a more complicated and expensive method of service.

Finally, even if the Court found the acknowledgement to be improper—and it does not—and though this would require remand at this time, once the plaintiff accomplished service, the defendant would be entitled to remove the action once again.  The Court is at a loss to appreciate how that serves anyone's interests or how the defendant's attempts to accommodate the plaintiff misled anyone.  Therefore, the Court rejects this as a basis for remand.

**C.     The notice of removal was timely and proper**

The plaintiff mailed the acknowledgement on April 25, 2017. (Doc. 2-10 at 2)  Ms. Jassim signed the acknowledgement on May 15, 2017. (Doc. 14-2 at 2) From this date, the defendants had 30 days to remove the case.  28 U.S.C. at § 1446(b) They removed the matter six days later on May 31, 2017.  (Doc. 3)  This is timely.  In addition, the face of the complaint raises at least one issue demonstrating federal court jurisdiction.  Doc. 2-1 at 18. Thus, the motion to remand the matter is **DENIED**.

**II.     Screening**

The Court is obligated to dismiss a case at any time if the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. 1915(e)(1)(2).

### A. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 566 U.S. at 678 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. Id. However, legal conclusions are not entitled to the same assumption of truth. Id. Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

4

A complaint that is a confusing and unnecessarily lengthy narrative of events that spans years is susceptible to dismissal.  In McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996), the Ninth Circuit Court of Appeals determined that  a trial court was justified in dismissing an action in which each successive complaint grew longer and longer and failed to heed the orders of the court which required only a short and plain statement of the claim. Id. at 1177.  The Court held,

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. "[T]he rights of defendants to be free from costly and harassing litigation must be considered." Von Poppenheim v. Portland Boxing & Wrestling Com., 442 F.2d 1047, 1054.
>
> The Judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case who follow the rules, as well as defendants in the case in which the prolix pleading is filed.3 [T]he rights of litigants awaiting their turns to have other matters resolved must be considered.....

Id. at 1179-1180.  Notably, at its lengthiest, McHenry's complaint numbered only 53 pages. Id. at 1176.

In this case, Plaintiff's complaint and the attachments thereto exceed 1,200 pages.  The prefatory allegations and the first cause of action alone make up the first 160 pages.  The complaint contains 654 numbered paragraphs and the "Index of Exhibits," which goes on for nine pages, identifying the 100 exhibits attached to the complaint.  The complaint engages in "spleen venting" and sets forth accusations and conclusions that are unnecessary to setting forth the few claims that the plaintiff actually seeks to raise.

The complaint suffers from the same problems as the pleading dismissed in McHenry. The complaint contains page after page of information not necessary in a complaint, facts that do not support any cognizable claim and citation to unnecessary exhibits. There is an overly detailed and rambling narrative, with "a marked lack of notice of what legal claims are asserted against which defendants." Id. at 1176.  As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.  This action illustrates the

"unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." McHenry, 84 F.3d at 1179-80. The Court simply lacks the resources and, indeed, the willingness to plow through 1,200 pages of pleading merely because the plaintiff has chosen to ignore the pleading standards. Thus, the complaint will be dismissed though the Court will grant the plaintiff 21 days to file an amended complaint.  Should the plaintiff choose to file a first amended complaint, he **SHALL** separately identify each claim he intends to pursue and include a "short and plain statement" of facts showing entitlement to relief under each claim. Fed.R.Civ.P. 8(a). Further, the plaintiff **SHALL** exclude all unnecessary evidentiary detail, **SHALL NOT** attach exhibits unless they are necessary to show legally operative facts and **SHALL** limit it, including all attachments to it, to 40 pages.

## ORDER

Based upon the foregoing, the Court **ORDERS**:

1. The motion to remand is **DENIED**;
2. The hearing on the motion to remand is **VACATED**;
3. The complaint is **DISMISSED** with 21 days leave to amend.  If he files a first amended complaint, the plaintiff **SHALL** comply with the guidance and orders set forth here.  In particular, he **SHALL** exclude all unnecessary evidentiary detail, **SHALL NOT** attach exhibits unless they are necessary to demonstrate legally operative facts and **SHALL** limit the first amended complaint and any attachments thereto, to 40 pages.

IT IS SO ORDERED.

Dated:   **July 19, 2017**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE