# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH G. BEAVERS, | Case No.: 1:17-cv-00747 - JLT |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION TO STRIKE |
| v. | (Doc. 35) |
| NEW PENN FINANCIAL LLC, dba SHELLPOINT MORTAGE SERVICING; RESURGENT CAPITAL SERVICES LP; RESURGENT MORTGAGE SERVICING; FEDERAL HOME LOAN MORTGAGE CORPORATION; and DOES 1-50, | |
| Defendants. | |

Kenneth Beavers asserts the defendants are liable for wrongful actions related to processing his applications for loan modification and the foreclosure of his home. Defendants seek to strike portions of the of the Second Amended Complaint pursuant to Rule 12(f) and Rule 15(a)(1)-(2) of the Federal Rules of Civil Procedure. (Doc. 35) Because the Court concludes Plaintiff's leave to amend was not limited, the motion to strike is **DENIED**.

## I.      Relevant Background

In the First Amended Complaint filed on August 14, 2017, Plaintiff identified the following causes of action: (1) failure to respond to Qualified Written Requests in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; (2) violations of the Fair Debt Collection Practices Act,

1

15 U.S.C. § 1692; (3) violations of the Consumer Financial Protection Bureaus Loss Mitigation Laws, Regulations, and Procedures, 12 C.F.R. §1024.41; (4) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1685; and (5) violation of the confidentiality of financial records and privacy under 12 U.S.C. § 3403 and 12 C.F.R. 1016. (*See* Doc. 21 at 6-29)

Defendant challenged several causes of action through a motion to dismiss, which was granted by the Court on October 12, 2017. (Docs. 24, 30) The Court dismissed the first, second, third, and fourth claims for relief with leave to amend; and the fifth claim was dismissed without leave to amend. (Doc. 30 at 15) Plaintiff was ordered to "file a Second Amended Complaint within thirty days of the date of service of th[e] order" that "exclude[d] all unnecessary evidentiary detail, including allegations related to claims barred by the statute of limitations." (*Id.*) The Court informed Plaintiff that if he failed to comply with the order, the Court would deem it an admission that he could not "cure the complaint." (*Id.* at 16)

On November 14, 2017, Plaintiff filed his Second Amended Complaint. (Doc. 33) In the amended pleading, Plaintiff alleged the following causes of action: (1) violations of the Consumer Financial Protection Bureaus Loss Mitigation Laws, Regulations, and Procedures, 12 C.F.R. §1024.41, and California Foreclosure Reduction Act of 2013, Cal. Civ. Code § 2923.7; (2) violation of The Privacy Act, 12U.S.C. § 3403; (3) breach of a fiduciary duty; (4) breach of the covenant of good faith and fair dealing; and (5) fraud. (*See* Doc. 33 at 1, 11-19) Defendant now seeks to strike the first cause of action to the extent it is based upon California law, as well as the third, fourth, and fifth causes of action in their entirety. (Doc. 35)

**II.    Striking Portions of a Complaint**

Pursuant to Rule 12(f), a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "redundant" matter is comprised "of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*

*grounds* (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07, 711 (1990)).  The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

In addition, pursuant to Local Rule 110, "[f]ailure of … a party to comply with …any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  As the Ninth Circuit observed, "district courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion."  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998) (citation omitted).  For example, "based on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders." Jones v. Metro. Life Ins. Co., 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (collecting cases); *see also Vahora v. Valley Diagnostics Lab.*, *Inc*., 2017 WL 2572440 (E.D. Cal. June 14, 2017) (explaining the Court has the authority under Rule 12(f) and as part of its inherent power to strike causes of action from a complaint).

### III. Discussion and Analysis

Defendants argue several causes of action in the Second Amended Complaint should be stricken because Plaintiff "did not seek and was not granted leave to bring these claims, either by independent motion or in opposing defendants' prior motion to dismiss." (Doc. 35 at 4)  Specifically, Defendants contend Plaintiff's first cause of action, to the extent it is based upon a violation of Cal. Civ. Code § 2923.7, should be stricken.  (*Id.*)  In addition, Defendants argue the causes of actions for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and fraud should be stricken.  (*Id.*)

As Defendants acknowledge, district courts within the Ninth Circuit "generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation."  *Vahora*, 2017 WL 2572440 at *2 (quoting *Jameson Beach Prop. Owners Assoc. v. United States*, 2014 WL 4925253 at *3 (E.D. Cal. Sept. 29, 2014)); *see also Cover v. Windsor Surry Co.,* 2016 WL 3421361 at *3 (N.D. Cal. June 22, 2016); *Topadzhikyan v. Glendale Police Dep't,* 2010 WL 2740163 at *3 n.1 (C.D. Cal. July 8, 2010).  On the other hand, "where leave

3

to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken." *Vahora*, 2017 WL 2572440 at *2 (quoting *Ketab Corp. v. Mesriani & Assocs.*, 2015 WL 8022874 at *8 (C.D. Cal. Dec. 4, 2015); *see also Jameson Beach Prop. Owners Assoc.*, 2014 WL 4925253 at *3 ("where a prior court order granted limited leave to amend, District Courts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend"). Consequently, whether the court will accept new causes of action "after a motion to dismiss will depend on whether the plaintiff was granted leave to amend with or without limitation." *Jameson Beach Prop. Owners Assoc*, 2014 2014 WL 4925253 at *3.

To determine "whether or not leave to amend was granted without limitation," the Court must evaluate "the specific language of the prior order." *Jameson Beach Prop. Owners Assoc*, 2014 2014 WL 4925253 at *3. "When the language of an order clearly states that a plaintiff may only amend to address certain deficiencies identified in the order, courts have held that a plaintiff is barred from adding new claims or parties." *Id.* at *4. For example, in *Kouretas v. Nationstar Mortg. Holdings, Inc.*, the Court found the plaintiff's new claims should be dismissed as exceeding the scope of the its order where the order granted a motion to dismiss and provided "leave to amend as to" a specific claim, but other claims where dismissed "without leave to amend." *Id.* 2015 WL 1751750, at *2 (E.D. Cal. Apr. 16, 2015). Likewise, the court found leave to dismiss was limited where the order stated the plaintiff could "file an amended complaint addressing the deficiencies identified herein." *Benton v. Baker Hughes*, 2013 WL 3353636 at *3 (C.D. Cal. June 30, 2013).

In this case, the Court addressed each claim challenged by the defendants in the motion to dismiss. (*See* Doc. 30 at 8-15) The Court agreed Plaintiff's fifth claim for relief failed as a matter of law, to the extent it was based upon 12 C.F.R. § 1016. (*Id.* at 15) To that extent, the fifth claim was dismissed without leave to amend. (*Id.*) As to the remaining claims challenged by the defendants, the Court found the facts alleged were insufficient and dismissed claims with leave to amend. (*Id.* at 8-14) In doing so, the Court indicated it was granting Plaintiff and opportunity to "cure the complaint." (*Id.* at 15) The Court is not persuaded this language limited Plaintiff to curing only the challenged causes of action.

4

Even if the Court were to agree that Plaintiff exceeded the scope of leave granted, "[e]xceeding the scope of a court's leave to amend is not necessarily sufficient grounds for striking a pleading or portions thereof." *Khan v. K2 Pure Sols., L.P.,* 2013 WL 6503345, at *11 (N.D. Cal. Dec. 4, 2013). Rather, "the court may choose not to strike the pleading in the interests of judicial economy,' even 'when a pleading is improperly filed.'" *Vehora,* 2017 WL 2572440 at *4 (quoting *Manzano v. MetLife Bank N.A.*, 2011 WL 2080249 at *3 (E.D. Cal. May 25, 2011)). This is particularly true "when it does not appear that any of the parties will be prejudiced by allowing the change." *Id.* (citation omitted). Thus, the Court has declined to strike portions of a complaint where the case was "in its infancy and the Court has not yet entered a scheduling order." *Id.* Similarly, here, the case has not been scheduled and there is not any prejudice, as the defendants have concurrently filed a motion to dismiss the same causes of action they seek to strike. (*See* Doc. 34)

**IV.    Conclusion and Order**

Defendants fail to demonstrate the new claims exceed the scope of the Court's order granting Plaintiff leave to amend the pleading. Accordingly, the Court finds Plaintiff has complied with the Courts order to file a Second Amended Complaint, and the new causes of action should not be stricken pursuant to Rule 12(f). *See Vehora,* 2017 WL 2572440 at *3-4.

Based upon the foregoing, the Court **ORDERS**: Defendants' motion to strike portions of the Second Amended Complaint (Doc. 35) is **DENIED**.

IT IS SO ORDERED.

   Dated:   **January 11, 2018**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE